Amanda F. Benedict, CA. Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

Rachel E. Kaufman* Fl. Bar No. 87406
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFFORD ARMSTRONG,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **CODEFIED, INC.,** a Delaware corporation, <br><br> *Defendant.* | Case No. : <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Clifford Armstrong ("Armstrong" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Codefied, Inc. d/b/a Housecall Pro ("Housecall" or "Defendant") to stop Housecall from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited, autodialed calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by

Housecall's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. Housecall provides a full-service tool that gives service professionals the ability to run their business on a smartphone app and/or through a web portal. The tool allows for job scheduling, invoicing, payment processing and a number of additional features relevant to service professionals.[1]

2. A significant part of Housecall's marketing involves cold calls to service professionals that have never had a relationship with Housecall or consented to being called by it.

3. Housecall uses an autodialer to make these cold calls even though it does not have consent to call them.

4. In Plaintiff's case, Housecall made 2 unsolicited autodialed calls to his cellular phone.

5. To make matters worse, Housecall placed its 2nd call to Plaintiff despite being told during the 1st call that Plaintiff was not interested.

6. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system without consent, as well as an award of statutory damages to the members of the Classes and costs.

///

---

[1] https://www.linkedin.com/company/housecallpro/about/

**PARTIES**

7. Plaintiff Armstrong is a Citrus Heights, California resident.

8. Defendant Housecall is a Delaware corporation headquartered in San Diego, California. Defendant conducts business throughout this District, the State of California, and throughout the United States.

**JURISDICTION AND VENUE**

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §227 ("TCPA").

10. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in California, does significant business in this District and the state of California, and because the wrongful conduct giving rise to this case occurred in this District.

**COMMON ALLEGATIONS**

**Housecall Markets its Services by Making Autodialed Calls
to Consumers' Cellular Phone Numbers Without Consent**

11. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

///

1    13.    In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

14.    Housecall expressly states in various contexts that it contacts consumers using an autodialer, specifically showing that it uses Close.io to contact its customers.[2]

15.    Close.io works with CRM programs such as Salesforce for which it provides both a power dialer and a built-in predictive dialer, among other features.

16.    The power dialer that Close.io provides allows for a user to simply press one button after a group of leads has been selected, and then have Close.io automatically dial each lead until it connects with a potential customer:

[3]

Once the Daily Call List has been selected, pressing on "Call" will begin the power

---

[2] htttps://www.producthunt.com/posts/call-automation-in-close-io
[3] https://close.io/calling/automation/power-dialer/

1  dialer. At that point, the user of Close.io does not have to take any further action to place

2  autodialed phone calls and the calling will take place automatically.

3  17.  The power dialer is included with all of Close.io's calling plans:



[4]

8  18.  In addition to the power dialer, Close.io also offers a predictive dialer.

[5]

19  19.  The predictive dialer allows for the dialing of multiple numbers all at the same

20  time. Once a potential customer answers the phone, the call is routed automatically to an

21  available agent. The predictive dialer then continues to place additional calls, without human

22  intervention, until all of the available agents are engaged in speaking to potential customers.

---

[4] https://close.io/calling/automation/power-dialer/
[5] https://close.io/calling/automation/predictive-dialer/

20. Consistent with its use of Close.io, in a Housecall job posting for a Salesforce Administrator, the required job qualifications explicitly include experience using a power dialer:

> Qualifications:
> - 3+ years Salesforce administration experience with a strong understanding of core functionality, configuration and user requirements; Power dialer experience preferred [6]

21. And, not surprisingly, Housecall's unsolicited, autodialed marketing calls have results in various online complaints:

- "Says he is from House Call Pro. not interested in having our customers pay a middle person";[7]
- "Scam caller, somehow got my number and wants information to defraud me & my clients."[8]

## PLAINTIFF'S ALLEGATIONS

**Housecall Made Multiple Unsolicited, Autodialed Calls to Plaintiff's Cell Phone Number**

22. In approximately June of 2018, a Housecall agent cold called Plaintiff's cellular phone using an autodialer. The purpose of the call was to solicit Plaintiff's purchase and use of Housecall's tool for service professionals which ranges in price from $39 to $199 per month.

23. Plaintiff made it clear during the call that he was not interested in using Housecall's tool.

24. Plaintiff received a second autodialed solicitation call to his cellular phone from Defendant on December 20, 2018 at 11:05 AM using phone number 916-461-8215. Again, the purpose of the call was to solicit Plaintiff's purchase and use of Housecall's tool for service professionals.

---

[6] https://www.crmjourney.com/jobs/5355407-salesforce-administrator-at-housecallpro-com
[7] https://800notes.com/Phone.aspx/1-619-728-3566
[8] *Id.*

25. Again, Plaintiff told the agent that he was not interested and to stop calling.

26. Plaintiff does not have a relationship with Housecall and has never requested consented to any contact from Defendant. Simply put, Housecall did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him on his cellular telephone using an autodialer.

27. The unauthorized telephone calls made by Housecall, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Armstrong's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

28. Seeking redress for these injuries, Armstrong, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims
Arising From Calls Made by Housecall Agents**

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same dialing equipment used to call Plaintiff, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.

**Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same dialing equipment used to call Plaintiff, (4) after the person requested that Defendant stop calling.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

31. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant used an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes;

(b) whether Defendant made autodialed telephone calls to Plaintiff and members of the Autodialed No Consent Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant made autodialed telephone calls to Plaintiff and members of the Autodialed Stop Class despite being asked to stop calling;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

34. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

///

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

36. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

37. These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

38. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

39. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

40. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

41. These solicitation telephone calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class, and after Plaintiff and the other members of the Autodialed No Consent Class told Defendant to stop calling.

42. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Armstrong, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

///

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**CLIFFORD ARMSTRONG**, individually and on behalf of all others similarly situated

Dated: March 28, 2019

By: ____/s/ *Amanda Benedict*____
One of Plaintiff's Attorneys

Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Rachel E. Kaufman*
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Application for admission pending*