Rachel E. Kaufman, CA Bar No. 259353
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

Amanda F. Benedict, CA Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ARMSTRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CODEFIED, INC., a Delaware corporation,<br><br>Defendant. | No. 2:19-cv-00550-JAM-EFB<br><br>**JOINT STATUS REPORT** |

Plaintiff Clifford Armstrong ("Plaintiff") and Defendant Codefied, Inc. d/b/a Housecall Pro ("Defendant"), by and through their undersigned counsel, respectfully submit this Joint Status Report in accordance with Paragraph 4 of the Court's Order Requiring Service of Process and Joint Status Report [ECF # 3].

**1.     The Nature of the Case**

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). Plaintiff alleges that Defendant placed two unsolicited telephone calls to

his cellular telephone using an automated telephone dialing system ("ATDS").

**2.     Progress in the Service of Process**

All parties have been served.

**3.     Possible Joinder of Additional Parties**

The parties do not presently anticipate the joinder of additional parties.

**4.     Any Expected or Desired Amendment of Pleadings**

Plaintiff does not anticipate amendment of the Complaint.

**5.     Jurisdiction and Venue**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, a federal statute. The Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California. The parties disagree, however, as to whether venue is proper in this District. The parties' positions are set forth below.

Plaintiff: Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in California, does significant business in this District and the state of California, and because the wrongful conduct giving rise to this case, i.e. the calls to Plaintiff, occurred in this District.

Defendant: Plaintiff has not met his burden of establishing that venue is proper in this District under 28 U.S.C. § 1391(b) for the reasons set forth in Defendant's Motion to Dismiss for Lack of Venue or for Transfer of the Case [ECF # 9] ("Motion to Dismiss or Transfer"). As set forth in the Defendant's Motion to Dismiss or Transfer, this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transferred to the United States District Court for the Southern District of California, the district where Defendant "resides."

**6.     Anticipated Motions and the Scheduling of Motions**

Plaintiff: Plaintiff anticipates that he will file a motion for class certification and a motion for summary judgment, and requests a ruling regarding class certification in advance of a ruling on summary judgment. Plaintiff proposes that those motions be filed in accordance with the schedule proposed below.

Defendant: Defendant's Motion to Dismiss or Transfer was filed on May 21, 2019 and is

scheduled for hearing on July 30, 2019. If that motion is not granted, Defendant anticipates that it may file a motion to stay this proceeding pending the Federal Communications Commission's ruling on the definition of an ATDS, post-*ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), and *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). Defendant may also move for summary judgment on whether Plaintiff was called with an ATDS and whether Defendant may be held responsible for calls to Plaintiff that may have been made by a third party, in accordance with the schedule Defendant proposes below.

**7.     Anticipated discovery and the scheduling of discovery, including:**

   **a. what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties disagree on the schedule for discovery. Their positions are set forth below.

Plaintiff: Plaintiff does not believe any changes should be made in the timing, form or requirement for initial disclosures under Rule 26(a). Plaintiff submits that the parties should exchange initial disclosures under Rule 26(a)(1) by June 21, 2019.

Defendant: All discovery, including the exchange of initial disclosures under Rule 26(a), should be stayed pending the Court's ruling on Defendant's Motion to Dismiss or Transfer, which, if granted, will either dispose of this case or result in the transfer of this case to the Southern District of California. *See Fed. Energy Reg. Comm'n v. Barclays Bank PLC*, 105 F. Supp. 3d 1121, 1129 (E.D. Cal. 2015) (noting that "[t]his Court stayed discovery . . . pending a ruling on Defendants' motion" to dismiss or transfer); *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *3 (N.D. Cal. Apr. 27, 2018) (staying discovery pending ruling on motion to dismiss or transfer because, "[w]hile transferring this case to Texas will not result in dismissal of the claims, [defendant's] request for transfer is dispositive in this forum because, if granted, this proceeding will be concluded here"); *J.I. v. U.S.*, 2018 WL 3769414, at *1  (E.D. Cal. Aug. 7, 2018) (staying discovery pending ruling on motion to change venue because "[w]hichever way the motion to change venue is resolved, Plaintiff will be permitted to pursue the [same] discovery, which will only be delayed during the pendency of the motion to change venue").

**b. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

<u>Plaintiff</u>:  Plaintiff does not believe, at this time, that any changes should be made in the limitations on discovery imposed under the Federal Rules or Local Rules and does not think that discovery should be conducted in phases.  Plaintiff will be serving discovery directed primarily towards Defendant's defenses to Plaintiff's claim and identifying all parties involved in the making of unsolicited autodialed calls by or on behalf of Defendant, including information relating to the instructions to make the calls, as well as information sufficient to identify the recipients of those calls.  This written discovery will seek information maintained by Defendant or by any agent of Defendant.  Plaintiff will also seek related information from any third party marketers or others involved in the making of the calls.  Plaintiff then intends to depose Defendant relating to its defenses, solicitation practices, and the calls at issue, and serve additional written discovery as necessary.  Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff and the Classes' claims.  Plaintiff proposes that discovery be completed by February 28, 2020.

<u>Defendant</u>:  All discovery should be stayed until the Court rules on Defendant's Motion to Dismiss or Transfer, which, if granted, will either dispose of this case or result in the transfer of this case to the Southern District of California.  If the Court declines to stay discovery or denies Defendant's Motion to Dismiss or Transfer, Defendant anticipates that fact and expert discovery will be needed into the following subject area:  whether Defendant called a cellphone belonging to Plaintiff, and if so, whether it placed any calls using an ATDS and without Plaintiff's consent.  Defendant submits that discovery should proceed in phases.  The first phase should be limited to discovery on Plaintiff's individual claims, to be completed within 6 months from the date the Court issues its ruling on the Motion to Dismiss or Transfer, after which the parties should be afforded an opportunity to file dispositive motions on those claims.  Class certification discovery should be stayed pending the Court's resolution of Defendant's motion for summary judgment on Plaintiff's individual claims.  Assuming the case is not dismissed at summary judgment, the second phase

would be class certification discovery, to be completed within 6 months from the date the Court issues its ruling on any motions for summary judgment on Plaintiff's individual claims, with class certification motion practice following the close of that phase of discovery. In the event that class certification might be granted, a third phase of discovery may be warranted.

      **c. what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

Plaintiff: Plaintiff does not believe, at this time, that any changes should be made in the limitations on discovery imposed under the Federal Rules or Local Rules.

Defendant: All discovery should be stayed until the Court rules on Defendant's Motion to Dismiss or Transfer.

      **d. the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**

Plaintiff: Initial expert disclosures should be made by January 17, 2020 and rebuttal experts on February 7, 2020.

Defendant: Initial expert disclosures as to Plaintiff's individual claims should be made within 4 months of the Court's ruling on the Motion to Dismiss or Transfer and rebuttal expert disclosures be made 1 month after that. Initial expert disclosures as to class certification issues should be made within 4 months of the Court's ruling on the parties' summary judgment motions and rebuttal expert disclosures be made 1 month after that.

    **8. Future proceedings, including setting appropriate cut−off dates for discovery, law and motion, and the scheduling of pretrial and trial**

      A. <u>Plaintiff's Proposal</u>

          Discovery cut-off: February 28, 2020

          Motion for Class certification: February 14, 2020

          Response to Motion for Class certification: March 13, 2020

          Reply in Support of Motion for Class certification: March 27, 2020

          Dispositive motions: April 10, 2020

        Trial: June 2020

    B.    <u>Defendant's Proposal</u>

        Phase I Discovery Deadline (individual claims):  6 months from date of Court's ruling on Motion to Dismiss or Transfer.

        Dispositive Motions Due on Individual Claims:  60 days from Phase I Discovery Deadline.

        Phase II Discovery Deadline (class-certification issues): 6 months from date of Court's ruling on motions for summary judgment as to individual claims.

        Plaintiff's Motion for Class Certification Due:  60 days from Phase II Discovery Deadline.

        Trial:  120 days from date of Court's ruling on dispositive motions as to class claims.

**9.    Appropriateness of special procedures**

The parties do not believe, at this time, that any special procedures are appropriate.

**10.    Estimate of trial time**

The parties anticipate the estimated length of trial, if necessary, as 3-5 days.

**11.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings**

The parties do not believe, at this time, that the standard pretrial procedures should be modified.

**12.    Whether the case is related to any other case, including any matters in bankruptcy**

On May 31, 2019, a putative TCPA class action was filed against Defendant in the United States District Court for the Southern District of Florida, captioned *Amy Betit v. Codefied, Inc.*, Case No. 0:19-cv-61363-RNS ("*Betit*").  The plaintiff in *Betit* alleges that Defendant used an ATDS to send her two purportedly unsolicited text messages in violation of the TCPA.  On information and belief, these texts were sent after plaintiff's fiancé, a business owner who uses Defendant's services, input a telephone number into Defendant's systems for purposes of sending the plaintiff

6

an invitation to download the app and use the services. These cases are related because they are putative class actions that assert that Defendant violated the TCPA by making ATDS calls to cellphones. Under the TCPA, "calls" include text messages.

**13.  Whether a Settlement Conference Should Be Scheduled**

The parties do not request a settlement conference at this time.

**14.  Any other matters that may add to the just and expeditious disposition of this matter.**

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email to the following email addresses:

For Plaintiff: rachel@kaufmanpa.com; kaufman@kaufmanpa.com; Amanda@amandabenedict.com, afblaw@gmail.com

For Defendant: mweed@orrick.com; eechtman@orrick.com; gbeaman@orrick.com.

Date: June 13, 2019                         Respectfully submitted,

By: *s/ Rachel E. Kaufman*
Rachel E. Kaufman, Esq.
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

Amanda Benedict, Esq.
LAW OFFICE OF AMANDA BENEDICT
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

1
2
3
4
5
6

By: *s/ Michael Weed*
Michael Weed (SBN 199675)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 300
Sacramento, CA 95814
Telephone: (916) 447-9200
Email: mweed@orrick.com

*Counsel for Defendant Codefied, Inc.*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28