1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 CLIFFORD ARMSTRONG, individually<br>13 and on behalf of all others similarly<br>situated,<br>14 Plaintiff,<br>15 v.<br>16 CODEFIED INC., a Delaware corporation,<br>17 Defendant. | No. 2:19-cv-00550-JAM-EFB<br><br>~~PROPOSED~~ ORDER GRANTING<br>PRELIMINARY APPROVAL OF CLASS<br>ACTION SETTLEMENT |

18

19      Plaintiff Clifford Armstrong on behalf of himself and classes of similarly situated persons,

20 and Defendant Codefied Inc. d/b/a HouseCall Pro have agreed to settle this Action pursuant to the

21 terms and conditions set forth in an executed Settlement Agreement dated as of September 13,

22 2019 ("Settlement" or "Agreement"). The proposed settlement appears to be the product of

23 serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly

24 grant preferential treatment to class representatives or segments of the class, and falls within the

25 range of possible approval. Under the Settlement, subject to the terms and conditions therein and

26 subject to Court approval, Plaintiff and the other Releasing Parties will fully, finally, and forever

27 resolve, discharge, and release the Released Claims against the Released Parties.

28

1

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's fee application, and/or the request for a service award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a service award for Plaintiff; and (9) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Motion for Preliminary Approval of Class-Action Settlement is granted. For the purpose of settlement only, the Court finds that certification of the Settlement Class is appropriate because (a) the Class is ascertainable and sufficiently numerous; (b) there are questions of law and fact that are common to the Class, and those questions predominate over any questions affecting individual Class Members; (c) Plaintiff's claims are typical of the claims of the Class; (d) Plaintiff and Class Counsel are adequate representatives of the Class; and (e) a class action is superior to other available methods for adjudicating the Action.

3. Furthermore, the Court finds that (a) the terms of the Settlement Agreement appear to be fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to class certification, liability and damage issues, and potential appeals; (b) Class Counsel are experienced in class-action litigation, including litigation under the Telephone Consumer Protection Act; (c) significant investigation and informal discovery was undertaken, and significant information was exchanged, enabling Plaintiff and Defendant to reasonably evaluate one another's positions and financial capacity; (d) approving the Settlement Agreement will avoid the substantial costs, delay, and risks that would be presented by further litigation; and (e) the terms of the Settlement Agreement were the result of intensive, serious, and non-collusive negotiations between Plaintiff and Defendant, including a full day mediation with Honorable Judge Holderman (Ret.). Accordingly, the Court preliminarily finds that the Settlement Agreement falls within the range of possible final approval and therefore meets the requirements of preliminary approval.

4. The Court therefore provisionally certifies the following Settlement Class: All individuals or entities in the United States who, from March 28, 2015 to the date of the Preliminary Approval Order, received one or more telephone calls or texts concerning Codefied's (*i.e.,*

3

Housecall Pro's) goods or services from or on behalf of Defendant. Excluded from the Settlement Class are: (1) the trial judge presiding over this case; (2) Codefied, as well as any parent, subsidiary, affiliate or control person of Codefied, and the officers, directors, agents, servants or employees of Codefied; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely opted out of the Settlement; and (6) Class Counsel and their employees.

5. The Court appoints Plaintiff, Clifford Armstrong, as Class Representative.

6. The Court appoints the following people and firms as Class Counsel: Avi R. Kaufman and Rachel E. Kaufman of Kaufman P.A. and Stefan Coleman of Law Offices of Stefan Coleman, LLC.

7. The Court approves the form and content of the Mailed Notice, Long Form Notice, and Claim Form, substantially in the forms attached as Exhibits A through C to the Settlement. The Court further finds that the Notice Program described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for service award for Plaintiff, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notices and Notice Program constitute sufficient notice to all persons entitled to notice. The Notices and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

8. The Court appoints KCC LLC as the Settlement Administrator.

9. The Administrator shall implement the Notice Plan, as set forth in the Settlement, and the Claims Process using the Notices and Claim Form substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be

PROPOSED ORDER GRANTING
PRELIMINARY APPROVAL
CASE NO. 2:19-CV-00550-JAM-EFB

provided to the members of the Settlement Class pursuant to the Notice Plan, as specified in the Settlement and approved by this Preliminary Approval Order.

10. The Settlement Administrator shall send Notice within thirty (30) days after entry of this Preliminary Approval Order (the "Notice Date").

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

11. A Final Approval Hearing shall be held before this Court on *January 28*, 2020 at *1:30 p*.m., approximately 90 days after the entry of this Preliminary Approval Order, to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a service award for the Class Representative should be granted.

12. Any person within the Settlement Class who wishes to be excluded from the Settlement may exercise their right to opt-out of the Settlement by following the opt-out procedures set forth in the Settlement and in the Notice at any time prior to the Opt-Out Deadline. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice on or before the Opt-Out Deadline, which is 45 days after the Notice Date, and mailed to the addresses indicated in the Notice.

13. Any Settlement Class member may object to the Settlement, Class Counsel's Fee Application, or the request for a service award for Plaintiff as set forth in the Settlement Agreement and Notice. Any objection to the Settlement Agreement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel, Counsel for Defendant, and the Settlement Administrator at the addresses set forth in the Notice, and postmarked no later than the Opt-Out Deadline. Settlement Class Members may object either on their own or through an attorney hired at their own expense. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in

5

*Armstrong v. Codefied Inc.*, No. 2:19-cv-00239-JAM" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived. If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.

## Further Papers in Support of Settlement and Attorney's Fee Application

14. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a service award for Plaintiff, no later than *December 30, 2019*, which is no more than 15 days prior to the Opt Out Deadline.

22. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than *January 17, 2020* which is 10 days before the Final Approval Hearing.

## Effect of Failure to Approve Settlement

23. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Codefied or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

PROPOSED ORDER GRANTING
PRELIMINARY APPROVAL
CASE NO. 2:19-CV-00550-JAM-EFB

## Stay/Bar of Other Proceedings

24. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

25. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Notice Date | No more than 30 days after Preliminary Approval |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | No more than 15 days prior to Opt Out Deadline |
| Opt-out Deadline | 45 days after the Notice Date |
| Responses to Objections | No more than 10 days prior to the Final Approval Hearing |
| Final Approval Hearing | Approximately 90 days after entry of Preliminary Approval |
| Claims Deadline | 60 days after the Notice Date |

IT IS SO ORDERED, this 22ᴺᴰ day of *October*, 2019 in Sacramento, California.

JOHN A. MENDEZ
HONORABLE DISTRICT CORUT JUDGE

8

PROPOSED ORDER GRANTING
PRELIMINARY APPROVAL
CASE NO. 2:19-CV-00550-JAM-EFB