1  Rachel E. Kaufman, CA Bar No. 259353
2  Avi R. Kaufman, *pro hac vice*
   KAUFMAN P.A.
3  400 NW 26th Street
   Miami, FL 33127
4  Telephone: (305) 469-5881
   rachel@kaufmanpa.com
5  kaufman@kaufmanpa.com

6  *Counsel for Plaintiff and all others similarly situated*

7  [Additional counsel listed below]

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12  CLIFFORD ARMSTRONG, individually      No.  2:19-cv-00550-JAM-EFB
    and on behalf of all others similarly
13  situated,                             **PLAINTIFF'S NOTICE OF MOTION,
                                          UNOPPOSED MOTION FOR FINAL
14              Plaintiff,                 APPROVAL OF CLASS ACTION
                                          SETTLEMENT AND INCORPORATED
15       v.                               MEMORANDUM OF LAW**

16  CODEFIED, INC., a Delaware            Hearing Date: February 11, 2020
    corporation,                          Hearing Time: 1:30 p.m.
17                                         Courtroom: 6, 14th Floor
                Defendant.                 Judge: John A. Mendez
18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND..........................................2

III.    SUMMARY OF THE SETTLEMENT TERMS .................................................3

    a.    Settlement Class.................................................................................................3

    b.    Settlement Consideration ...................................................................................4

IV.     IMPLEMENTATION OF THE PROPOSED SETTLEMENT ............................4

V.      FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE  ..................5

    a.    This Non-Collusive Settlement is Entitled to a Presumption of Fairness and Is Fair, Adequate, and Reasonable .....................................................................................6

        i.   The Strength of Plaintiff's Case Compared to the Complexity and Likely Duration of Further Litigation Support Final Approval............................................7

        ii.  The Risks of Maintaining Class Action Status Through Trial Support Final Approval............................................................................................................8

        iii. The Amount of the Settlement Favors Final Approval ............................8

        iv.  Discovery Has Advanced Far Enough to Allow the Parties to Responsibly Resolve the Case ..............................................................................................10

        v.   Class Counsel's Experience and Views of the Action Favor Final Approval.........11

        vi.  The Reaction of the Settlement Class Members Favors Final Approval ...............12

    b.    Notice Was the Best Practicable and Was Reasonably Calculated to Inform the Settlement Class of its Rights ....................................................................................13

    c.    The Settlement Class Should Be Finally Certified ..........................................13

VI.     THE REQUESTED SERVICE AWARD FOR THE CLASS REPRESENTATIVE IS REASONABLE AND SHOULD BE APPROVED .........................................14

VII.    CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES ARE FAIR, RESONABLE, AND JUSTIFIED ...................................................................15

    a.    Class Counsel Achieved Exceptional Results for the Class ........................................16

    b.    Class Counsel Exhibited Outstanding Skill and Diligence ..........................................16

    c.    The Risks of Litigation and the Novelty and Complexity of the Issues Justify the Requested Fees and Costs ...............................................................................17

    d.    Awards in Similar Cases Demonstrate the Requested Fees are Reasonable...................17

    e.    A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees ..........18

        i.   The Hours Class Counsel Have Expended Are Reasonable ...................................20

        ii.  Class Counsel's Rates Are Reasonable  ..................................................21

    f.    Class Counsel's Request for Expenses Is Reasonable ......................................23

VIII.   CONCLUSION................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Arredondo v. Delano Farms Co.*, No. 1:09-cv-01247-MJS, 2017 U.S. Dist. LEXIS 161319 (E.D. Cal. Sept. 29, 2017) ..........................................................23

*Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431 (E.D. Cal. 2013) ....................17

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................22

*Bond v. Ferguson Enterprises, Inc.*, No. 1:09-cv-1662 OWW MJS, 2011 U.S. Dist. LEXIS 70390 (E.D. Cal. June 30, 2011) ............................................21

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) ........................................................14

*Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) ...................7, 8, 10

*Dakota Med., Inc. v. RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 U.S. Dist. LEXIS 154458 (E.D. Cal. Sept. 21, 2017) ..............................16, 18

*Davis v. Brown Shoe Co., Inc.*, No. 1:13-cv-01211-LJO-BAM, 2015 U.S. Dist. LEXIS 149010 (E.D. Cal. Nov. 3, 2015) ..................................................12

*Elzen v. Educator Grp. Plans, Ins. Servs.*, No. 1:18-cv-01373-WCG, 2019 U.S. Dist. LEXIS 170798 (E.D. Wis. Oct. 2, 2019) ............................................18

*Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 U.S. Dist. LEXIS 27249 (E.D. Cal. Feb. 27, 2017) ..............18, 21

*Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 U.S. Dist. LEXIS 137299 (E.D. Cal. Oct. 6, 2015) ..............................................................9

*Fischel v. Equitable Life Assurance Society of the United States*, 307 F.3d 997 (9th Cir. 2002) ........................................................................................15

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000) ...........................................19

*Franklin v. Wells Fargo Bank, N.A.*, No. 14cv2349-MMA (BGS), 2016 U.S. Dist. LEXIS 13696 (S.D. Cal. Jan. 29, 2016) ..........................................9

*Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215 (N.D. Ill. 2016) ...........................9

*Goodwin v. Winn Mgmt. Grp. LLC*, No. 115CV00606DADEPG, 2017 U.S. Dist. LEXIS 117133 (E.D. Cal. July 26, 2017) ................................................6

*Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 U.S. Dist. LEXIS 8101 (N.D. Cal. Jan. 24, 2012) ..........................................................8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...............................................................19

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989)...............................18

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ..........15, 18

*In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015)....................6

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ................................14

*In re Omnivision Techs.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)..............................17

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ..............6, 17

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008)...........................................5

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007)...................8

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)........................................6

*Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996) ...................................................................... 9

*Kearney v. Hyundai Motor America,* No. SACV 09-1298-JST (MLGx), 2013 U.S.
   Dist. LEXIS 91636 (C.D. Cal. June 28, 2013) .......................................................... 21

*Knox v. Chiang*, No. 2:05-cv-02198-MCE-CKD, 2013 U.S. Dist. LEXIS 79230
   (E.D. Cal. June 5, 2013) ............................................................................................ 20

*Konstantinos Moshogiannis v. Sec. Consultants Grp., Inc.*, No. 5:10-cv-05971
   EJD, 2012 U.S. Dist. LEXIS 16287 (N.D. Cal. Feb. 8, 2012) .................................... 10

*Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75 (S.D.N.Y. 1980) .............................................. 11

*Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS
   80038 (S.D. Cal. June 20, 2016) .................................................................................. 9

*Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB, 2016 U.S. Dist. LEXIS
   144349 (E.D. Cal. Oct. 18, 2016) ............................................................................... 17

*Morales v. Stevco, Inc.*, No. 1:09-cv-00704 AWI JLT, 2011 U.S. Dist. LEXIS
   130604 (E.D. Cal. Nov. 10, 2011) ............................................................................ 8, 9

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ....................................... 20

*Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306 (1950) ............................... 13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ...... 7, 11, 12

*Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615 (9th Cir. 1982) .............................. 7

*Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc*., No. 2:13-cv-
   00672-KJM-KJN, 2015 U.S. Dist. LEXIS 74548 (E.D. Cal. June 9, 2015) ................ 14

*Ontiveros v. Zamora*, 303 F.R.D. 356 (E.D. Cal. 2014) ................................................. 14

*Pointer v. Bank of Am., N.A.*, No. 2:14-CV-00525-KJM-CKD, 2016 U.S. Dist.
   LEXIS 176930 (E.D. Cal. Dec. 20, 2016) .................................................................. 15

*Rodriguez v. Kraft Foods Grp., Inc*., No. 1:14-cv-1137-LJO-EPG, 2016 U.S. Dist.
   LEXIS 138652 (E.D. Cal. Oct. 5, 2016) ..................................................................... 16

*Rodriguez v. W. Publ'g Corp*., 563 F.3d 948 (9th Cir. 2009) ....................................... 6, 7

*Satchell v. Fed. Express Corp*., No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066
   (N.D. Cal. Apr. 13, 2007) ............................................................................................. 6

*Steiner v. Am. Broad. Co*., 248 F. App'x 780 (9th Cir. 2007) ....................................... 19

*Story v. Mammoth Mt. Ski Area*, No. 2:14-CV-02422-JAM-DB (E.D. Cal. Mar. 13,
   2018) ......................................................................................................................... 22

*Story v. Mammoth Mt. Ski Area*, No. 2:14-CV-02422-JAM-DB, 2018 U.S. Dist.
   LEXIS 41367 (E.D. Cal. Mar. 13, 2018) ................................................................... 21

*Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-DAD-MJS, 2017 U.S. Dist. LEXIS
   118064 (E.D. Cal. July 26, 2017) .......................................................................... 18, 21

*Twigg v. Sears, Roebuck & Co*., 153 F.3d 1222 (11th Cir. 1998) ................................. 13

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) ..................... 18

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ......................... 15, 17, 19

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ............................ 5

*Wannemacher v. Carrington Mortg. Servs., LLC*, No. SA CV 12-2016 FMO
   (ANx), 2014 U.S. Dist. LEXIS 199156 (C.D. Cal. Dec. 22, 2014) ............................ 7, 8

*Williams v. Centerplate, Inc.*, No. 11-2159, 2013 U.S. Dist. LEXIS 121307 (S.D. Cal. Aug. 26, 2013).............................................................................................18

*Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674 (S.D. Cal. Mar. 4, 2010) ..................................................................10

*Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536 (9th Cir. 2016) ......................................16

## OTHER AUTHORITIES

*Manual for Compl. Lit.* § 21.312 ...............................................................................13

*Newberg on Class Actions* § 11.41 (4th ed. 2002) ......................................................5

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

NOTICE IS HEREBY GIVEN that on February 11, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable John A. Mendez, United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Plaintiff Clifford Armstrong, on behalf of himself and a class of similarly situated persons, with the consent of Defendant Codefied Inc. d/b/a HouseCall Pro ("Codefied"), will and hereby does move the Court, by and through its counsel, for entry of a final order approving the class action settlement set forth in the Parties' Settlement Agreement ("Settlement Agreement" or "Agreement"), certifying a class for settlement purposes, approving the Notice to the Settlement Class, and granting a service award to Plaintiff and class counsel's attorneys' fees and costs.[1] This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of the Settlement Administrator, the Declaration of Avi R. Kaufman, the Declaration of Stefan Coleman, all pleadings, records and papers on file, and such other matters that may be presented to the Court.

## I.   **INTRODUCTION**

This is a Telephone Consumer Protection Act ("TCPA") settlement in which the results speak for themselves.  The Settlement Agreement establishes a non-reversionary Settlement Fund in the amount of $2,200,000 for the benefit of the Settlement Class, which will also be used to pay the settlement costs.  Pursuant to the Settlement Agreement, Codefied has also agreed that it already has and will continue to implement and enforce policies and procedures to prevent against the placement of calls and text messages to cellphones using an Automated Telephone Dialing System or an artificial or prerecorded voice potentially in violation of the TCPA.  To date, approximately 5,368 Settlement Class Members have submitted claims, none have objected, and

---

[1] The Agreement is attached as Exhibit 1. All capitalized terms used herein have the same definitions as those defined in the Agreement.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

only 6 have opted out.  Based on the expected claims rate based on claims to date, each claiming Settlement Class Member will receive approximately $180, if the Court grants the relief requested in this Motion.  The Settlement will bring an end to what has otherwise been, and likely would continue to be, hard-fought litigation centered on unsettled legal questions, and was reached after mediation before an experienced mediator, former Chief Judge of District Court for the Northern District of Illinois, James F. Holderman.  Ultimately, the Settlement provides Class Members with outstanding relief under the circumstances and should be finally approved.

For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, including but not limited to Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement (D.E. 24), Plaintiff respectfully requests that the Court grant final approval of the settlement by: (1) finally certifying the Settlement Class; (2) approving the proposed Settlement Agreement as fair, adequate, and reasonable for the certified Settlement Class; (3) determining that adequate notice was provided to the Settlement Class; (4) approving payment to the claims administrator estimated to be between $344,297.52 and $367,897.52; (5) approving Class Counsel's requested attorneys' fees of $733,333.33 and reimbursement of $13,930.08 in out-of-pocket litigation costs; and (6) approving an award of $5,000 to Plaintiff for his service as the Class Representative.  The parties request entry of the agreed proposed order filed herewith, attached as Exhibit 2 to this Motion, at or after the fairness hearing.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Motion for Preliminary Approval, incorporated by reference, details the basis of Plaintiff's claims, the procedural history, and the parties' settlement efforts. (See Preliminary Approval Motion [D.E.] 24 at pp. 2-11).  Plaintiff focuses here on those matters pertinent to the instant Motion.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

On March 28, 2019, Plaintiff filed the Complaint against Codefied, Inc. in this action. [D.E. 1].  On May 21, 2019, Codefied filed a Motion to Dismiss the Complaint [D.E. 9].  The Parties conducted a Rule 26 conference on June 7, 2019 and submitted a joint scheduling report on June 13, 2019.  At that time, the Parties began settlement discussions, and ultimately agreed to submit to mediation with Judge James F. Holderman (Ret.) of JAMS.

On July 15, 2019, the Parties participated in an initial mediation conference with Judge Holderman.  As part of the mediation process, the Parties agreed to and engaged in informal discovery regarding Plaintiff and the classes' claims and Defendant's defenses.  Based on the Parties' analyses of the relative strengths and weaknesses of their cases through this discovery and the realities of Defendant's financial condition, on August 14, 2019, the Parties engaged in a full-day, contentious mediation at JAMS, resulting in an agreement in principle to settle the Action.  Thereafter, the Parties provided notice of the Parties' agreement to settle the Action. Following weeks of further negotiations and discussions, the Parties resolved all remaining issues, culminating in the Settlement Agreement.

## III.   SUMMARY OF THE SETTLEMENT TERMS

### a.  Settlement Class

The proposed Settlement establishes a Settlement Class of:

> All individuals or entities in the United States who, from March 28, 2015 to the date of the Preliminary Approval Order, received one or more telephone calls or texts concerning Codefied's (*i.e.*, Housecall Pro's) goods or services from or on behalf of Defendant.

Excluded from the Settlement Class are: (1) the trial judge presiding over this case; (2) Codefied, as well as any parent, subsidiary, affiliate or control person of Codefied, and the officers, directors, agents, servants or employees of Codefied; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely

opted out of the Settlement; and (6) Class Counsel and their employees. Agreement at section 1.1.34.

### b. Settlement Consideration

Pursuant to the Settlement Agreement, Codefied established a non-reversionary Settlement Fund in the amount of Two Million Two Hundred Thousand Dollars ($2,200,000) for the purpose of making all required payments under the Settlement, including payments for Approved Claims, any approved Fee Award, any approved service award for Representative Plaintiff, and the costs of reasonable class notice and class administration.  Agreement at Section 5.  Codefied further agrees that it has and will implement and enforce policies and procedures to prevent against the placement of calls and text messages to cellphones using an Automated Telephone Dialing System or an artificial or prerecorded voice. Agreement at Section 5.

The Settlement Fund will be distributed pro rata to Settlement Class Members.  The Settlement authorizes the payment of settlement administration costs, a deduction of up to one-third of the Settlement Fund for attorneys' fees plus expenses up to $15,000, and a class representative service award in the amount of $5,000.  After deducting these amounts from the Settlement Fund, based on the expected claims rate, each Claimant will receive a pro rata distribution of approximately $180.

### IV.   IMPLEMENTATION OF THE PROPOSED SETTLEMENT

This Court entered its Order Granting Preliminary Approval of the Settlement on October 22, 2019. [D.E. 28]. Since that date, the Parties have worked diligently with each other and the Claims Administrator to effectuate the terms of the Settlement Agreement. Declaration of Settlement Administrator attached as Exhibit 3.

On September 20, 2019, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator sent the CAFA Notice to the United

States Attorney General and all State Attorneys General. *Id*. at ¶ 2. A supplemental CAFA Notice was sent on October 25, 2019, which included class size estimations by state. *Id*. at ¶ 2.

On November 5, 2019, Defendant provided the telephone numbers for all Settlement Class Members along with the class member's name and contact information, to the extent Codefied possessed that additional contact information. *Id*. at ¶ 3.

On November 21, 2019, the Settlement Administrator activated the settlement website and began implementing the direct notice plan and issuing the Postcard Notice to Settlement Class Members pursuant to the Settlement and this Court's Preliminary Approval Order. *Id*. at ¶ 4. To date, 5,368 timely claims have been made. *Id*. at ¶ 8. Only 6 people have opted out and no objections have been filed with the Court to Plaintiff's knowledge. *Id*. at ¶¶ 9-10.

## V.     <u>FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE</u>

As a matter of public policy, courts favor settlement of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources. *E.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See*, *e.g.*, *id.*; *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *see also Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). In the Ninth Circuit, to assess the fairness of a class-action settlement there are eight factors a court may consider: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In*

*re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (internal citation omitted). In assessing the Settlement, the Court's discretion should be "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

### a. This Non-Collusive Settlement is Entitled to a Presumption of Fairness and Is Fair, Adequate, and Reasonable

"The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal. Apr. 13, 2007); *Goodwin v. Winn Mgmt. Grp. LLC*, No. 115CV00606DADEPG, 2017 U.S. Dist. LEXIS 117133, at *20 (E.D. Cal. July 26, 2017) (finding the settlement process non-collusive where the settlement resulted from a full day of mediation with a mediator). A non-collusive settlement, negotiated with the involvement of a respected mediator, is entitled to a "a presumption of fairness." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 450 (C.D. Cal. 2014) (citing *Rodriguez*, 563 F.3d at 965) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

The Settlement in this action is the result of a full day mediation with a mediator with unique experience and perspective regarding TCPA settlements, the Hon. James F. Holderman (Ret.).  *See In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 809 (N.D. Ill. 2015) (finally approving class action settlement with estimated payout of $39.66 per claiming class member and awarding attorneys' fees of 36% fee for first $10,000,000 of settlement).  The Settlement is accordingly presumptively fair.

Even without a presumption of fairness, this Settlement is fair, adequate, and reasonable. An objective evaluation of the Settlement Agreement, compared to the risk, expense, complexity, and likely duration of further litigation confirms that the Settlement should be viewed as fair, reasonable, and adequate. *See Wannemacher v. Carrington Mortg. Servs., LLC*, No. SA CV 12-2016 FMO (ANx), 2014 U.S. Dist. LEXIS 199156, at *16 (C.D. Cal. Dec. 22, 2014) (discussing that a court should "objectively" evaluate the "strengths and weaknesses inherent in the litigation") (internal citation omitted).

### i. The Strength of Plaintiff's Case Compared to the Complexity and Likely Duration of Further Litigation Support Final Approval

As the Ninth Circuit has instructed, in assessing the probability and likelihood of success, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations, and rough justice." *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 625 (9th Cir. 1982). There is "no particular formula" to be applied, but the court may presume the parties' counsel and the mediator arrived at a reasonable range of settlement by considering plaintiff's likelihood of recovery. *Rodriguez*, 563 F.3d at 965. Moreover, "[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush." *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1041 (S.D. Cal. 2015) (*citing Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)).

This case likely would have involved extensive third party discovery, technical expert witnesses, and significant disputes as to procedural, merits, and class certification issues. Class Counsel has taken into account Codefied's financial viability, the strength of Codefied's defenses, difficulties in obtaining class certification and proving liability, including proving vicarious liability, the general uncertainty and risks attendant to complex actions such as this one, and the inherent delays in such litigation.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

These risks must be balanced against the anticipated Settlement result: if the Settlement is finally approved, claiming Settlement Class Members will receive approximately $180 in relief immediately.  Additionally, Codefied has agreed that it has and will continue to implement policies and procedures to prevent future potential TCPA violative calls concerning Codefied's goods or services to Settlement Class Members and other members of the general public. This factor therefore weighs in favor of final approval. *Morales v. Stevco, Inc.*, No. 1:09-cv-00704 AWI JLT, 2011 U.S. Dist. LEXIS 130604, at *27 (E.D. Cal. Nov. 10, 2011) (immediate recovery for the class is "preferable to lengthy and expensive litigation with uncertain results") (internal citation omitted).

### ii.   The Risks of Maintaining Class Action Status Through Trial Support Final Approval

The risk that the Class may not be certified also favors final approval. *Wannemacher*, 2014 U.S. Dist. LEXIS 199156, at *18 (finding that where motion for class certification had not been filed the risk that the class would not be certified weighed in favor of approving the settlement); *Couser*, 125 F. Supp. 3d at 1042 (same*); Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 U.S. Dist. LEXIS 8101, at *17-18 (N.D. Cal. Jan. 24, 2012) (finding that since discovery could result in factors that would risk certification of the class this factor weighs in favor of settlement).  The risks inherent in proceeding with class litigation weigh strongly in favor of final approval.

### iii.   The Amount of the Settlement Favors Final Approval

In evaluating the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). "Thus, when analyzing the amount offered in settlement, the Court should examine 'the complete package taken as a whole,' and the amount is 'not to be judged against a hypothetical or speculative measure of what *might* have been

8

achieved by the negotiators.'" *Morales*, 2011 U.S. Dist. LEXIS 130604, at *28 (internal citations omitted).

The non-reversionary $2,200,000 settlement amount provides much more than "a fraction of the potential recovery" to Settlement Class Members. Class members that submit claims will each receive an average net settlement payment (net of attorneys' fees, costs, service awards, and claims administration fees) of approximately $180. This amount is well in line with—and indeed exceeds—many other court approved TCPA settlements. *See Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive $10 cash or $15 voucher); *Franklin v. Wells Fargo Bank, N.A.,* No. 14cv2349-MMA (BGS), 2016 U.S. Dist. LEXIS 13696 (S.D. Cal. Jan. 29, 2016) (approving settlement where class members received $71.16); *Estrada v. iYogi, Inc*., No. 2:13–01989 WBS CKD, 2015 U.S. Dist. LEXIS 137299 (E.D. Cal. Oct. 6, 2015) (preliminarily approving TCPA settlement where class members estimated to receive $40).

As one court noted in approving an unrelated TCPA class settlement: "[t]he essential point here is that the court should not reject a settlement solely because it does not provide a complete victory to plaintiffs, for the essence of settlement is compromise." *Gehrich v. Chase Bank USA, N.A*., 316 F.R.D. 215, 228 (N.D. Ill. 2016) (approving $34 million TCPA settlement for class of more than 32 million individuals with a per-claimant recovery of $52.50) (citing *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996)). Here, as in *Gehrich*, "[i]ndividual class members receive less than the maximum value of their TCPA claims, but they receive a payout without having suffered anything beyond a few unwanted calls or texts, they receive it (reasonably) quickly, and they receive it without the time, expense, and uncertainty of litigation." *Id*. Codefied, "for its part, buys peace and mitigates risk." *Id*. What the Settlement Class releases through the settlement is related

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

to what the Class gains. In this case, the release for the class members is appropriately tailored to the claims at issue in this case.

The monetary relief here and agreement that Codefied has and will implement and enforce policies and procedures to prevent against the placement of calls and text messages to cellphones using an Automated Telephone Dialing System or an artificial or prerecorded voice is a fair and meaningful outcome in class members' favor, and places the settlement well within the range of approval.

### iv.   Discovery Has Advanced Far Enough to Allow the Parties to Responsibly Resolve the Case

"In the context of class action settlements, as long as the parties have sufficient information to make an informed decision about settlement, 'formal discovery is not a necessary ticket to the bargaining table.'" *Couser*, 125 F. Supp. 3d at 1042; *see, e.g.*, *Konstantinos Moshogiannis v. Sec. Consultants Grp., Inc.*, No. 5:10-cv-05971 EJD, 2012 U.S. Dist. LEXIS 16287, at *14 (N.D. Cal. Feb. 8, 2012) (holding that settlement was fair, reasonable, and adequate where, *inter alia*, "the parties conducted a significant amount of informal discovery…"); *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674, at *16 (S.D. Cal. Mar. 4, 2010) ("Plaintiff ha[d] sufficient information from investigation and from informal discovery to have a clear view of the strengths and weaknesses of the case and to support the settlement.").

Although this case was mediated early, it was extensive investigated pre-suit and after filing without the need for formal discovery, and has been actively litigated. The Parties agreed and engaged in the informal exchange of information concerning the claims and defenses and decided to broach the issue of possible settlement. Class Counsel conducted a thorough investigation and analysis of Plaintiff's claims and engaged in extensive informal discovery with Defendant, and confirmatory discovery including a formal interview of Codefied's Chief

10

Operating Officer.  Declaration of Avi R. Kaufman (Kaufman Decl.), attached as Exhibit 4 at ¶ 4.

Class Counsel's investigation and review of the discovery enabled them to gain an understanding

of the evidence related to central questions in the Action and Codefied's financial capacity as a

start-up, and prepared them for well-informed settlement negotiations, including Codefied's

financial capacity as a start-up. *Id*. at ¶ 8.

**v.   Class Counsel's Experience and Views of the Action Favor Final
<u>Approval</u>**

Settlement recommendations of competent counsel are accorded "great weight" by the

Courts since "[p]arties represented by competent counsel are better positioned than courts to

produce a settlement that fairly reflects each party's expected outcome in the litigation." *Nat'l*

*Rural Telecomms. Coop.*, 221 F.R.D. at 528 (citations omitted). "The Court's function on this

application is well known it is not to reopen and enter into negotiations with the litigants in the

hope of improving the settlement to meet an objector's particular objections; nor is the Court

called upon to substitute its business judgment for that of the parties who worked out a settlement

after hard, arm's-length, good-faith bargaining. Rather, it is called upon to evaluate the

probabilities of success upon a trial and to compare the benefits thereof with the terms of

compromise." *Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75, 78 (S.D.N.Y. 1980).

The Settlement here is the result of extensive, arm's-length negotiations between

experienced attorneys who are familiar with class action litigation and with the legal and factual

issues of this Action.  Kaufman Decl. ¶ 13. Furthermore, Class Counsel are particularly

experienced in the litigation, certification, and settlement of nationwide TCPA class action cases.

Kaufman Decl. ¶ 14 & Ex. 1.  Class Counsel zealously represented Plaintiff and the Settlement

Class members' interests throughout the litigation, and continue to do so. Kaufman Decl. ¶ 15.

Class Counsel are confident in the strength of Plaintiff's case, but are also pragmatic in their

awareness of the various defenses available to Defendant, and the risks inherent in trial and post-

11

judgment appeal. Kaufman Decl. ¶ 9. The success of Plaintiff's claims turn on questions that would arise at class certification, summary judgment, trial and during an inevitable post-judgment appeal.  The risks of further litigation were also weighed against Codefied's financial capacity as a start-up. Under the circumstances, Class Counsel appropriately determined that the Settlement outweighs the risks of continued litigation. Kaufman Decl. ¶¶ 8-12.  And the absence of any objections from Class Members, and minimal number of opt outs, strongly support Class Counsel's conclusion.

### vi.   The Reaction of the Settlement Class Members Favors Final Approval

The Settlement Class endorses the Settlement.  To date, there are no objections to the Settlement and only 6 opt outs.  These numbers weigh strongly in favor of final approval. *See Nat'l Rural Tele. Coop.*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *Davis v. Brown Shoe Co., Inc.*, No. 1:13-cv-01211-LJO-BAM, 2015 U.S. Dist. LEXIS 149010, at *18 (E.D. Cal. Nov. 3, 2015) (granting final approval where there were no objectors and only two opt-outs and finding that the settlement was presumptively fair, adequate and reasonable).

The $2,200,000 being made available for the Settlement Class is more than reasonable given the complexity of the litigation, significant limits of Codefied's financial capacity, and significant risks and barriers that loomed in the absence of settlement including, but not limited to, class certification, summary judgment, *Daubert* motions, trial, as well as appellate review following a final judgment. There can be no doubt that this Settlement is a fair and reasonable recovery.  Kaufman Decl. ¶ 16.

**b.**   **Notice Was the Best Practicable and Was Reasonably Calculated to Inform the Settlement Class of its Rights**

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit.* § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt-out of the action." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also Manual for Compl. Lit.* § 21.312 (listing relevant information).

The Notice program satisfies these criteria. As recited in the Settlement, the Motion for Preliminary Approval and above, the Notice Program was implemented pursuant to the Settlement and this Court's Preliminary Approval Order, and advised Settlement Class members of the substantive terms of the Settlement, their options for remaining part of the Settlement Class, for objecting to the Settlement, Class Counsel's Attorneys' fee application and request for Service Award, or for opting-out of the Settlement, and how to obtain additional information about the Settlement.

**c.**   **The Settlement Class Should Be Finally Certified**

This Court conditionally certified the Settlement Class for settlement purposes only. [D.E. 24]. For all the reasons set forth in Plaintiff's preliminary approval briefing, incorporated by reference herein, and the Preliminary Approval Order, the Court should finally certify the

Settlement Class as it continues to meet all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).

## VI. THE REQUESTED SERVICE AWARD FOR THE CLASS REPRESENTATIVE IS REASONABLE AND SHOULD BE APPROVED

Pursuant to the Settlement, Class Counsel respectfully request, and Defendant does not oppose, a Service Award for the Class Representative in the amount of $5,000. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). The requested incentive payment is reasonable and within the range of incentive payments often awarded in class actions. *Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc.*, No. 2:13-cv-00672-KJM-KJN, 2015 U.S. Dist. LEXIS 74548, at *36 (E.D. Cal. June 9, 2015) (approving incentive award of $5,000); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving incentive awards of $5,000 each to the two class representatives); *Ontiveros v. Zamora*, 303 F.R.D. 356, 366 (E.D. Cal. 2014) (approving an incentive award of $13,550 for the named plaintiff).

Here, Plaintiff invested his time into this litigation. He took personal time to speak with Class Counsel, search for relevant evidence, review and approve the complaint for filing, keep abreast of the litigation, and evaluated the settlement proposal during mediation. This sacrifice was made to support a case in which he had a relatively modest personal interest, but that has provided benefits to hundreds of thousands of Settlement Class Members and the general public, and warrants the Court's approval of the requested service award. Given Plaintiff's contribution to the successful prosecution of this action, Plaintiff should be granted a service award in the amount of $5,000.

**VII.   CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES ARE FAIR, RESONABLE, AND JUSTIFIED**

The Settlement permits Class Counsel to apply to the Court for attorneys' fees, expenses, and costs, totaling up to one-third of the Settlement Fund for attorneys' fees and up to $15,000 for documented and reasonable expenses and costs. Accordingly, given the outstanding outcome under the circumstances, Class Counsel request approval of attorneys' fees amounting to one-third of the Settlement Fund and $13,930.08 for documented and reasonable expenses.

Rule 23 permits a court to award "reasonable attorney's fees… that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Here, where the "benefit to the class is easily quantified" in a common-fund settlement, the court can employ the percentage-of-recovery method. *Id.* The Ninth Circuit has held that, when employing the percentage of the fund method for non-reversionary common fund settlements, the court may, but is not required to, compare the lodestar and the percentage benchmark to determine if requested attorneys' fees are inappropriately high or low. *Fischel v. Equitable Life Assurance Society of the U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). Overall, the goal is to produce a fair and reasonable result. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Pointer v. Bank of Am., N.A.*, No. 2:14-CV-00525-KJM-CKD, 2016 U.S. Dist. LEXIS 176930, at *40-41 (E.D. Cal. Dec. 20, 2016).

Regardless of the method chosen, courts award attorneys' fees based on an evaluation of "all the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). According to the Ninth Circuit, these circumstances include: (1) the results achieved for the class; (2) the quality of representation; (3) the novelty and complexity of the issues; (4) the risks of the litigation; and (5) awards in similar cases. *See id.* at 1048–51; *see also Dakota Med.,*

15

*Inc. v. RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 U.S. Dist. LEXIS 154458, at

*23 (E.D. Cal. Sep. 21, 2017) (same). All of these factors weigh in favor of approving the

requested attorneys' fees.

### a.   Class Counsel Achieved Exceptional Results for the Class

The "party's success in the litigation [is] the most critical factor" of the Vizcaino factors.

*Rodriguez v. Kraft Foods Grp., Inc.*, No. 1:14-cv-1137-LJO-EPG, 2016 U.S. Dist. LEXIS

138652, at *39 (E.D. Cal. Oct. 5, 2016) *citing Yamada v. Nobel Biocare Holding AG*, 825 F.3d

536, 546 (9th Cir. 2016) ("Of those factors, a party's success in the litigation is the 'most

critical'").  As described above, the Settlement establishes a $2.2 million non-reversionary fund

for the Settlement Class resulting in an estimated payout of $180 per claiming Settlement Class

Member, and the Settlement Class fully endorses the Settlement.  Moreover, Codefied further

agreed in the Settlement that it has and will implement and enforce policies and procedures to

prevent against the placement of calls and text messages to cellphones using an Automated

Telephone Dialing System or an artificial or prerecorded voice, which benefits every Class

Member. Given Codefied's limited means, the risks of litigation, and the likelihood that

potentially TCPA violative calls concerning Codefied's goods and services would have continued

absent this litigation, Class Counsel obtained an exceptional result.

### b.   Class Counsel Exhibited Outstanding Skill and Diligence

The quality of Class Counsel's representation in this case supports an award of one third

of the Settlement Fund.  Plaintiff and the Settlement Class benefited from the high caliber

representation of Class Counsel, including Class Counsel's extensive TCPA class action

experience. Kaufman Decl. at ¶ 14 & Ex. 1, and Declaration of Stefan Coleman at ¶ 2, attached as

Exhibit 5, & Ex. 1 to the Coleman declaration.  Of further testament to Class Counsel's skill is the

quality of opposing counsel in this action. *See Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

431, 449 (E.D. Cal. 2013) ("The quality of opposing counsel is important in evaluating the quality of Class Counsel's work."). Orrick, Herrington & Sutcliffe LLP is a renowned national defense firm with significant experience in defending all types of consumer class actions, including TCPA actions. Class Counsel's analysis of the issues in this action, litigation strategy and diligence in pushing this action also support the requested award. Class Counsel vigorously litigated this matter. Kaufman Decl. at ¶ 15. Class Counsel's work was necessary to resolve this action and achieved an excellent result for Plaintiff and the Settlement Class.

### c. The Risks of Litigation and the Novelty and Complexity of the Issues Justify the Requested Fees and Costs

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly in a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs*., 559 F. Supp. 2d 1036, 1046-7 (N.D. Cal. 2008) *citing Vizcaino*, 290 F.3d at 1048. Likewise, "the importance of ensuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Id.* at 1047; *see also Morales v. Conopco, Inc.*, No. 2:13-2213 WBS EFB, 2016 U.S. Dist. LEXIS 144349, at *21 (E.D. Cal. Oct. 18, 2016) ("Since class counsel took this case on a contingency basis, their risk of recovery was the same as the class members."). As discussed above, specifically in Section V.b.i. and ii., this Action posed significant risks in proceeding. The risks of litigation, including the ever-changing TCPA landscape, and the complexity of the issues justify the requested fees and costs.

### d. Awards in Similar Cases Demonstrate the Requested Fees are Reasonable

The Ninth Circuit recognizes 25% of the common fund as a "benchmark," that may be adjusted upward or downward based on the circumstances of the case. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949. "[T]he exact percentage varies depending on the facts of the

17

case," and courts in this District have concluded that "in most common fund cases, the award exceeds that benchmark." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (granting class counsel an award of attorneys' fees in the amount of one-third of the common fund); *RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 U.S. Dist. LEXIS 154458 (same in TCPA class action); *Elzen v. Educator Grp. Plans, Ins. Servs.*, No. 1:18-cv-01373-WCG, 2019 U.S. Dist. LEXIS 170798, at *6 (E.D. Wis. Oct. 2, 2019) (granting class counsel an award of attorneys' fees in the amount of one third of the settlement fund in a TCPA class action); *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-DAD-MJS, 2017 U.S. Dist. LEXIS 118064, at *21 (E.D. Cal. July 26, 2017) (granting class counsel's fee application in the amount of one-third of the common fund equaling $2.3 million); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 U.S. Dist. LEXIS 27249 (E.D. Cal. Feb. 27, 2017) (approving attorneys' fees of one-third of the common fund); *Williams v. Centerplate, Inc.*, No. 11-2159, 2013 U.S. Dist. LEXIS 121307 (S.D. Cal. Aug. 26, 2013) (concluding an award of attorneys' fees in the amount of thirty percent of the common fund was reasonable); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) (noting "nearly all common fund awards range around 30%"). Accordingly, Class Counsel is requesting attorneys' fees in the amount of one third of the Settlement Fund, which is justified in light of the outcome when compared to the risks attendant in this Action and the fees awarded in similar class actions.

### e.   A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees

To calculate the lodestar, the Court "multipl[ies] the number of hours the prevailing party reasonably expended on the litigation … by a reasonable hourly rate for the region and for the experience of the lawyer." *Bluetooth*, 654 F.3d at 941. This base "unadorned" lodestar figure is "presumptively reasonable." *Id.* "Courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases. This mirrors the established practice in the private legal

market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases.  In common fund cases, attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051 (internal citation omitted).

Class Counsel has invested approximately 602.65 hours prosecuting Plaintiff's claims through December 30, 2019.  Additionally, Class Counsel expects to spend about another 45 hours communicating with Settlement Class Members, preparing for and attending the Final Fairness Hearing, and tending to any claims-administration issues that arise. Counsel has a lodestar of $451,474.50.  Kaufman Decl. ¶¶ 21-27; Coleman Decl. ¶¶ 7-12.  Counsel has provided summaries of their work in order to "identify the general subject matter of [their] time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ("a summary of the time spent on a broad category of tasks such as pleadings and pretrial motions" satisfies the "basic requirement").

Class Counsel's requested attorneys' fee award here is $733,333, which represents application of a very modest multiplier of approximately 1.6 to Counsel's lodestar, which includes a conservative estimate of hours that will be expended through the end of this Action. Accordingly, although the circumstances of this Action warrant a substantial positive multiplier, Class Counsel is not seeking one, and for that reason as well the requested fee is more than reasonable. *See e.g. Vizcaino*, 290 F.3d at 1051 n.6 (holding that in the Ninth Circuit, multipliers "ranging from one to four are frequently awarded" and affirming multiplier of 3.65); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (approving multiplier of approximately 6.85 as "well within the range of multipliers that courts have allowed").

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

**i.   The Hours Class Counsel Have Expended Are Reasonable**

Class Counsel has devoted 602.65 hours to this litigation, and conservatively anticipate

expending an additional 45 hours between the final fairness hearing and continued case and

settlement management.  Kaufman Decl. ¶ 21; Coleman Decl. ¶ 7.  The appropriate number of

hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the

same manner that an attorney traditionally is compensated by a fee-paying client for all time

reasonably expended on a matter." *Knox v. Chiang*, No. 2:05-cv-02198-MCE-CKD, 2013 U.S.

Dist. LEXIS 79230, at *11 (E.D. Cal. June 5, 2013) (internal citation omitted). In determining the

reasonableness of the hours worked, the district court can "exclude hours 'that are excessive

redundant, or otherwise unnecessary'" but it "need not, and should not, become green-eyeshade

accountants." *Id.* (internal citations omitted). The Ninth Circuit has found that courts should defer

to successful counsel's judgment as to how much work was needed to succeed. *Moreno v. City of

Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the

winning lawyer's professional judgment as to how much time he was required to spend on the

case; after all, he won, and might not have, had he been more of a slacker."). Class Counsel's

hours are not excessive or otherwise unnecessary.

Class Counsel has exerted significant effort to achieve the excellent results reflected in the

Settlement.  The efforts included, inter alia, researching, investigating, drafting, and filing the

class-action complaint; preparing for and conducting a case management conference; engaging in

informal discovery, including the review and analysis of thousands of pages of electronic

discovery; engaging in settlement negotiations; coordinating, briefing and attending a full-day

mediation; documenting the settlement; conducting confirmatory discovery, including a formal,

in-person corporate representative interview; moving for preliminary approval and attending the

preliminary approval hearing; working with the Settlement Administrator to ensure the proper

administration of the settlement process; responding to Class Member inquiries regarding the

Settlement; and, briefing final approval and attending the Final Fairness Hearing. Kaufman Decl.

¶¶ 21-27.

### ii. **Class Counsel's Rates Are Reasonable**

Class Counsel's hourly rates, which have been computed based on the Adjusted Laffey

Matrix and decreased for the Sacramento market, range from $650 to $730. This court has

previously accepted as reasonable for lodestar purposes hourly rates using the Laffey Matrix for

attorney billing rates in major U.S. cities. *Story v. Mammoth Mt. Ski Area*, No. 2:14-CV-02422-

JAM-DB, 2018 U.S. Dist. LEXIS 41367 (E.D. Cal. Mar. 13, 2018) (granting final approval and

approving fees where Class Counsel's hourly rates based on the Laffey Matrix ranged from

$841.54 for the most senior partner to approximately $350 for junior associates, with the vast

majority of hours being billed at the rate of $698.36); *see also Syed v. M-I, L.L.C.*, No. 1:12-cv-

01718-DAD-MJS, 2017 U.S. Dist. LEXIS 118064, at *21 (granting class counsel's fee

application in the amount of one-third of the common fund equaling $2.3 million); *Emmons v.*

*Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 U.S. Dist. LEXIS

27249 (granting class counsel fee award of one-third of the common fund and using a lodestar

cross-check and accepting as reasonable hourly rates between $545 and $695 for senior counsel

and partners); *Kearney v. Hyundai Motor America,* No. SACV 09-1298-JST (MLGx), 2013 U.S.

Dist. LEXIS 91636, at *25 (C.D. Cal. June 28, 2013) (approving hourly rates between $650 and

$800 for class counsel in a consumer class action).

Additionally, when the lodestar is being used as a cross-check, courts in the Eastern

District have recognized that the Laffey Matrix, as explained more fully below, can be used as a

general way to examine the reasonableness of hourly rates. *See Bond v. Ferguson Enters., Inc.*,

No. 1:09-cv-1662 OWW MJS, 2011 U.S. Dist. LEXIS 70390, at *30 (E.D. Cal. June 30, 2011)

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB

(using the Laffey Matrix as a general way to examine the reasonableness of counsel's hourly rates and approving rates of up to $675 for partners). Because the reasonableness of the hourly rates should be according to the prevailing market rates in the relevant legal community, (*Blum v. Stenson*, 465 U.S. 886, 895 (1984))— *i.e.*, the forum where the district court sits—the Laffey Matrix rates should be adjusted for the Sacramento area. This Court recently reviewed a comparison of the 2018 OPM tables for the Sacramento area and the Washington D.C. area, and approved fees based on rates of up to $841.54 per hour, where the vast majority of hours were billed at the rate of $698.36. *Story v. Mammoth Mt. Ski Area*, No. 2:14-CV-02422-JAM-DB (E.D. Cal. Mar. 13, 2018).

The current Adjusted Laffey Matrix provides for the following rates:

| Year | 8-10 Years Out of Law School | 11-19 Years Out of Law School |
|---|---|---|
| 6/01/19-5/31/20 | $661 | $747 |
| 6/01/18-5/31/19 | $658 | $742 |

Here, Class Counsel investigated and has been litigating this action from December 2018 to the present and seeks attorneys' fees based on the hourly rate of $730 for partners who have been practicing law for eleven years or more and $650 for a partner who has been practicing for more than 9 years. Class Counsel's hourly rates track the current Adjusted Laffey Matrix rates taking into consideration a downward adjustment for the Sacramento area. The resulting rates and lodestar are fair and reasonable. Given the strong results for the Settlement Class and the substantial work done by Class Counsel to litigate this case, a fee award of $733,333 is justified and appropriate.

### f.  **Class Counsel's Request for Expenses Is Reasonable**

Rule 23(h) also permits the Court to "award . . . nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement permits Class Counsel to seek reimbursement of their reasonable expenses not to exceed $15,000. Attorneys who create "a common fund for the benefit of the class [are] entitled to reimbursement of reasonable litigation expenses from that fund." *Arredondo v. Delano Farms Co*., No. 1:09-cv-01247-MJS, 2017 U.S. Dist. LEXIS 161319, at *21 (E.D. Cal. Sept. 29, 2017) (collecting cases). Class Counsel has incurred expenses in the prosecution of this action that total $13,930.08. These expenses are described in the accompanying declarations of Class Counsel. Kaufman Decl. ¶ 28; Coleman Decl. ¶ 15.  These expenses were reasonable and necessary for the prosecution of this action and therefore should be approved.

## VIII.   **CONCLUSION**

The Settlement securing $2,200,000 in cash and Codefied's agreement that it has and will continue to implement policies and procedures to prevent potentially TCPA violative calls in the future represents an excellent result for the Settlement Class given the risks and obstacles in this Action.  The Settlement more than satisfies the fairness and reasonableness standard of Rule 23(e), as well as the class certification requirements of Rules 23(a) and (b)(3). Further, Class Counsel's request for a Service Award for the Class Representative and the application for attorneys' fees and expenses is reasonable under all the circumstances. Accordingly, for the foregoing reasons, Plaintiff and Class Counsel respectfully request that this Court (1) grant Final Approval to the Settlement; (2) certify for settlement purposes the Settlement Class; (3) appoint as Class Representative the Plaintiff; (4) appoint as Class Counsel the undersigned law firms and attorneys, as listed in section 1.1.7 of the Agreement; (5) approve the requested Service Award

23

for the Class Representative; (6) award Class Counsel attorneys' fees and expenses; and (7) enter Final Judgment.

Date: December 30, 2019                    Respectfully submitted,

By: *s/ Rachel E. Kaufman*
Rachel E. Kaufman, Esq., CA Bar No. 259353
Avi R. Kaufman, Esq.
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

Stefan L. Coleman, Esq.
Law Offices of Stefan Coleman, PA
11 Broadway Suite 615
New York, NY  10004-1490
Telephone: 887-333-9427
Fax: 888-498-8946
Email:Law@stefancoleman.com

Amanda Benedict, Esq., CA Bar No. 200291
LAW OFFICE OF AMANDA BENEDICT
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Rachel E. Kaufman*
Rachel E. Kaufman

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
CASE NO. 2:19-CV-00550-JAM-EFB