**FILED**
FEB 11 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ARMSTRONG, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CODEFIED INC., a Delaware corporation,<br><br>　　　　Defendant. | No. 2:19-cv-00550-JAM-EFB<br><br>~~PROPOSED~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

In connection with granting preliminary approval of the parties' class-wide Settlement of this Litigation, the Court scheduled a Final Fairness Hearing for February 11, 2020.[1] Also pursuant to the Court's Preliminary Approval Order, Plaintiff Clifford Armstrong timely moved for Final Approval of the Class-Action Settlement and moved for attorneys' fees and expenses and a service award to Class Representative, both of which came for hearing in Courtroom 6 of the above-captioned Court on February 11, 2020. Having read all of the papers filed in connection therewith, as well as all of the evidence and argument submitted with respect to the

---

[1] As used herein, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

1

proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. The Court therefore FINDS AS FOLLOWS:

1. The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

2. The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

3. Pursuant to Fed. R. Civ. P. 23, and for purposes of this settlement only:

   a. The Settlement Class consists of all individuals or entities in the United States who, from March 28, 2015 to the date of the Preliminary Approval Order, received one or more telephone calls or texts concerning Codefied's (i.e., Housecall Pro's) goods or services from or on behalf of Defendant. Excluded from the Settlement Class are: (1) the trial judge presiding over this case; (2) Codefied, as well as any parent, subsidiary, affiliate or control person of Codefied, and the officers, directors, agents, servants or employees of Codefied; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely opted out of the Settlement; and (6) Class Counsel and their employees.

   b. The Class is ascertainable and so numerous that joinder of all members is

impracticable. The Class consists of hundreds of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

c. There are questions of law or fact common to the Settlement Class, centering on Codefied's telemarketing program and use of autodialed calls and text messages.

d. The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

e. Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor its counsel have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Class.

f. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

4. Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, taking into account the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; and (7) the reaction of the class

members of the proposed settlement.

5. The plan for distribution of the Settlement Fund is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in the Settlement Agreement without further order of this Court.

6. Settlement Class Members have been given due and adequate notice of the Settlement Agreement.

7. There are no objections.

8. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement.

9. Having considered the motion for a service award, a class representative service award in the amount of $ 5,000.00 payable to Plaintiff is approved as fair and reasonable, in light of the results that were obtained under the Settlement Agreement, and the risks that he incurred in prosecuting the Action. The Court further finds that $ 5000.00 is a fair and reasonable incentive award because it comports with incentive awards made in other TCPA class-action settlements. Accordingly, the Court approves that amount as the Service Award and directs that it be paid pursuant to the terms of the Settlement Agreement.

10. Under the Settlement Agreement, Class Counsel is permitted to seek up to one-third of the Settlement Fund for attorneys' fees and up to $15,000 for documented and reasonable expenses and costs. Having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, the quality of representation provided and the results obtained, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $ 540,000.00, reimbursement of costs and expenses of $ 13,930.08, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating and settling this action.

11. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement Agreement.

12. Accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

13. The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

2. The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties.

3. The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

4. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts,

liabilities, agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

5. All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

6. The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Judgment, the Final Approval Order, and any order relating to attorneys' fees or class representative award.

7. This Action (including all individual claims and Settlement Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

IT IS SO ORDERED, this 11th day of February, 2020 in Sacramento, California.

HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE